UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE THOMAS J. AQUILINO, JR., SENIOR JUDGE

_____

|  |  |  |
|---|---|---|
| TABACOS USA, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 18-00221 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, | : | |
| | : | |
| Defendant. | : | |

_____:

# **ORDER**

Upon reading defendant's motion for rehearing or reconsideration, plaintiff's response thereto; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that defendant's motion be, and hereby is, granted, and it is further

ORDERED that this Court's decision in *Tabacos USA, Inc. v. United States Customs and Border Protection*, Slip Op. 18-170 (CIT Dec. 7, 2018) is hereby withdrawn and vacated; and it is further

ORDERED that the relief requested in plaintiff's complaint be and hereby is denied; and is further

      ORDERED that plaintiff's increased bonding demand of September 28, 2018 be and hereby is reinstated.

                                                                               _____
                                                                    THOMAS J. AQUILINO, JR., SENIOR JUDGE

Dated: New York, New York
       This _____ day of _____ , 2019.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE THOMAS J. AQUILINO, JR., SENIOR JUDGE

_____
                                              :
TABACOS USA, INC.,                            :
                                              :
                         Plaintiff,           :     Court No. 18-00221
                                              :
          v.                                  :
                                              :
UNITED STATES CUSTOMS AND                     :
BORDER PROTECTION,                            :
                                              :
                         Defendant.           :
_____:

## **DEFENDANT'S MOTION FOR REHEARING OR RECONSIDERATION**

Pursuant to Rule 59 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully moves this Court for rehearing or reconsideration of the Court's decision in *Tabacos USA, Inc. v. United States Customs and Border Protection*, Slip Op. 18-170 (CIT Dec. 7, 2018) (Decision), which vacated U.S. Customs and Border Protection's (CBP) demand of September 28, 2018 for plaintiff to terminate its continuous bond in the amount of $300,000 and post a new continuous bond in the amount of $400,000.  The bases for this motion are provided in the accompanying memorandum.

WHEREFORE, defendant respectfully requests that the Court grant this motion for rehearing or reconsideration, vacate the Decision, deny the relief requested in plaintiff's complaint and reinstate CBP's demand to plaintiff for an increased continuous bond.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

By:    /s/ Amy M. Rubin
        AMY M. RUBIN
        Assistant Director
        International Trade Field Office

        /s/ Hardeep K. Josan
        HARDEEP K. JOSAN
        MONICA P. TRIANA
        Trial Attorneys
        U.S. Dept. of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza – Suite 346
        New York, New York 10278
        Tel. (212) 264-9240 or 9230
        Attorneys for Defendant

January 7, 2019

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE THOMAS J. AQUILINO, JR., SENIOR JUDGE
_____
                                                                  :
TABACOS USA, INC.,                                                :
                                                                  :
                        Plaintiff,                                :    Court No. 18-00221
                                                                  :
            v.                                                    :
                                                                  :
UNITED STATES CUSTOMS AND                                         :
BORDER PROTECTION,                                                :
                                                                  :
                        Defendant.                                :
_____:


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REHEARING OR RECONSIDERATION**


|  |  |
|---|---|
|  | JOSEPH H. HUNT |
|  | Assistant Attorney General |
|  |  |
|  | AMY M. RUBIN |
|  | Assistant Director |
|  |  |
|  | HARDEEP K. JOSAN |
|  | MONICA P. TRIANA |
|  | Trial Attorneys |
|  | Civil Division, Dept. of Justice |
|  | Commercial Litigation Branch |
|  | International Trade Field Office |
|  | 26 Federal Plaza |
| Of counsel: | New York, New York 10278 |
| Paula S. Smith | Attorneys for Defendant |
| Benjamin Wastler | Tel. No. 212-264-9240 or 9253 |
| Office of Chief Counsel |  |
| U.S. Customs and Border Protection |  |

**TABLE OF CONTENTS**

**PAGE(S)**

I.      BACKGROUND ...................................................................................................2

II.     REHEARING OR RECONSIDERATION IS PROPER IN THIS ACTION .....................3

       A.   The Standard For Rehearing Or Reconsideration ..........................................3

       B.   The Decision Misapplies The Legal Standard Of Review ...........................4

CONCLUSION ..................................................................................................................8

**TABLE OF AUTHORITIES**

**CASES**

**PAGE(S)**

*Chevron v. Natural Resources Defense Council, Inc.,*
   467 U.S. 837 (1984) ................................................................................................4

*Consol. Bearings Co. Inc. v. United States,*
   412 F.3d 1266 (Fed. Cir. 2005) ...............................................................................4

*Doe v. New York City Department of Social Services,*
   709 F.2d 782 (2d Cir. 1983) ................................................................................3, 4

*Ford Motor Co. v. United States,*
   30 CIT 1587 (2006) .............................................................................................3, 4

*Ford Motor Co. v. United States,*
   751 F. Supp. 2d 1316 (CIT 2010) ........................................................................3, 4

*Kerr-McGee Chem. Corp. v. United States,*
   14 CIT 582 (1990) ...................................................................................................3

*Royal Thai Government v. United States,*
   30 CIT 1072, 441 F. Supp. 2d 1350 (2006) ............................................................3

## STATUTES AND REGULATIONS

**PAGE(S)**

5 U.S.C. § 706 .................................................................................................................... 4, 5

5 U.S.C. § 706(2)(A) ....................................................................................................... 3, 4, 6

19 U.S.C. § 1623 ........................................................................................................... 4, 5, 6, 7

19 U.S.C. § 1623(a) ............................................................................................................... 4

28 U.S.C. § 1581(i) .......................................................................................................... 1, 2, 5

28 U.S.C. § 2640(e) ............................................................................................................... 5

19 C.F.R. § 113.13(b) .......................................................................................................... 2, 7

## RULES

**PAGE(S)**

USCIT R. 73.3 ........................................................................................................................ 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE THOMAS J. AQUILINO, JR., SENIOR JUDGE

_____

TABACOS USA, INC.,

                      Plaintiff,                        Court No. 18-00221

                      v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION,

                      Defendant.
_____

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REHEARING OR RECONSIDERATION

Defendant, the United States (Government), respectfully submits this memorandum in support of our motion for rehearing or reconsideration of the Court's decision in *Tabacos USA, Inc. v. United States Customs and Border Protection*, Slip Op. 18-170 (CIT Dec. 7, 2018) (Decision).  In the Decision, the Court entered judgment for plaintiff, Tabacos USA, Inc. (Tabacos or plaintiff) and vacated U.S. Customs and Border Protection's (CBP) demand of September 28, 2018 that plaintiff terminate continuous bond number 18C000D1D and post a new continuous bond in the amount of $400,000.

As discussed below, rehearing or reconsideration is appropriate to correct clear legal error in the Decision.  It appears the Court committed two errors both of which provide a basis for reconsideration.  First, the Decision relies on facts adduced at a preliminary hearing instead of on the record delevoped before the administrative agency.  Second, the Court did not properly apply the legal standard of review.

**I.     BACKGROUND**

Plaintiff brought this action under 28 U.S.C. § 1581(i), the Court's residual basis for jurisdiction. Compl. ¶ 3. Plaintiff filed a summons, a complaint and applications for both a temporary restraining order and a preliminary injunction on Friday, October 26, 2018. In these filings, plaintiff challenged CBP's demand that Tabacos terminate its current $300,000 continuous entry bond and provide a new continuous entry bond for $400,000. Docket Nos. 1, 4-7. CBP's demand resulted from the routine application of a bonding formula that requires importers to post a bond to cover 10% of the duties, taxes and fees incurred over the previous 12-month period, rounded-up by increments of $100,000. *See* Decision at 4 (citing Plaintiff's Exhibit 1), 5. Plaintiff alleged that CBP's demand was unreasonable, arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. Compl. ¶ 25. Plaintiff also alleged that CBP erred in failing to consider the factors specified in 19 C.F.R. § 113.13(b). *Id.* ¶¶ 20-22, 28.

On the next business day, October 29, 2018, the Court conducted a teleconference with the parties, entered a temporary restraining order, and scheduled a preliminary injunction hearing for November 7, 2018. Docket Nos. 11, 12. On November 6, 2018, the Government filed a response to plaintiff's application for a preliminary injunction. Docket No. 13.

At the start of the preliminary injunction hearing, the Court advised the parties that it had decided to consolidate the hearing with a trial on the merits pursuant to Rule 65(a)(2) of the Rules of the United States Court of International Trade (USCIT). Tr. at 16:23-17:3. The Court then heard testimony from plaintiff's witness, Ms. Paula Lynch, Chief Financial Officer at Tabacos, and the Government's witness, Mr. Bruce Ingalls, the Director of the Revenue Division for CBP.

After the hearing, both parties filed supplemental submissions. Docket Nos. 17, 19. In our supplemental submission, we noted that the standard of review for this case, commenced under 28 U.S.C. § 1581(i), is governed by the Administrative Procedure Act (APA) – namely, that agency action will be set aside only if the agency's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Docket No. 19 at 2. We explained that because plaintiff failed to establish that CBP's application of the bonding formula met that standard, it was not entitled to the relief sought.

On December 7, 2018, the Court entered judgment in favor of plaintiff and vacated CBP's demand of September 2018. Decision at 13. Although the Court adopted the standard of review set forth in our supplemental submission, the Decision did not disclose an affirmative finding that CBP's increased bond demand actually failed the APA test. Rather, the court concluded that it could not find that CBP's demand "was not an abuse of discretion within the purview of 5 U.S.C. § 706(2)(A)." *Id.* at 10-12. The Court also stated that it "cannot and therefore does not disregard the compelling evidence adduced in this action that proves beyond any doubt that continuing plaintiff's entry bond 18C000D1D in its current amount of $300.000 will not endanger the revenue of the United States." *Id.* at 12.

At the time the Decision was issued, CBP had not yet filed the administrative record related to the agency's challenged decision, as required in cases brought under section 1581(i). The due date for filing the record would have been December 26, 2018. USCIT R. 73.3.

II.     **REHEARING OR RECONSIDERATION IS PROPER IN THIS ACTION**

    A.     **The Standard For Rehearing Or Reconsideration**

Whether to grant a motion for rehearing and/or reconsideration is within the sound discretion of the court. *See Ford Motor Co. v. United States*, 751 F. Supp. 2d 1316, 1317 (CIT 2010); *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990). The primary

3

grounds for supporting the grant of a motion for reconsideration "are an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent a manifest injustice." *Ford Motor Co. v. United States*, 30 CIT 1587, 1588 (2006); *see also Royal Thai Government v. United States*, 30 CIT 1072, 1074, 441 F. Supp. 2d 1350, 1354 (2006), quoting *Doe v. New York City Department of Social Services*, 709 F.2d 782, 789 (2d Cir. 1983).  Thus, while a motion for reconsideration is a method "to correct a significant flaw in the original judgment, it is not a mechanism to allow a losing party the chance to repeat arguments or to relitigate issues previously before the court." *Ford*, 751 F. Supp. 2d at 1317 (quotation and citation omitted).  By this motion, we seek to have the Court correct an erroneous application of the required standard of review.

**B.    The Decision Misapplies The Legal Standard Of Review**

In cases filed under section 1581(i), the Court will decide whether particular agency action should be set aside based upon APA standards.  *See* 5 U.S.C. § 706.  Agency action should only be set aside if, based on a "review [of] the whole record [of the Agency's decision] or those parts of it cited by a party," the agency action is "found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Decision at 10 (citing 5 U.S.C. § 706(2)(A); *Consol. Bearings,Co. v. United States*, 412 F.3d 1266, 1269 (Fed. Cir. 2005)).

Moreover, as the Court recognized, where, as here, an action involves an agency's interpretation of a statute, and the matter at issue is not specifically addressed in the statute, "'the court does not simply impose its own construction on the statute;' rather, 'the question for the court is whether the agency's answer is based on a permissible construction of the statute.'" Decision at 11 (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984)).  Here, the agency action that Tabacos challenges was a routine application of a minimum bonding formula that CBP promulgated pursuant to its authority under

4

19 U.S.C. § 1623.[1]  In rendering its Decision, it appears that the Court committed two errors, one procedural and one decisional, both of which provide a basis for reconsideration.

First, the Decision relies on facts adduced at a preliminary hearing pursuant to USCIT R. 65, not on the record developed before the administrative agency, a requirement for cases heard pursuant to 28 U.S.C. § 1581(i).  *See* 28 U.S.C. § 2640(e); 5 U.S.C. § 706.  While information regarding plaintiff's business and finances may have been relevant to a showing of irreparable harm for purposes of preliminary injunctive relief, the Decision granted full and final relief on the merits, without allowing the Government to file the administrative record, respond to the complaint or assert defenses.

Second, although the Court identified the correct standard of review under the APA, it did not properly apply that standard as it did not determine that CBP had acted arbitrarily, capriciously, in abuse of its discretion and/or not otherwise in accordance with law.  Instead, the Court stated that it was "unable to conclude" that CBP's demand for an increase bond "was not an abuse of discretion."  Decision at 12.  Not only does this conclusion conflict with the standard that appears to require an affirmative finding of agency abuse, but it also appears to conflict with the Court's own findings and the evidence presented.

In the Decision, the Court acknowledged that Congress delegated to CBP the authority to impose bonds on importers that are "necessary for the protection of the revenue [of the United States] or to assure compliance with any provision of law."  19 U.S.C. § 1623; *see* Decision at 2.

---

[1] 19 U.S.C. § 1623(a) provides:

**(a) Requirement of bond by regulation**
In any case in which bond or other security is not specifically required by law, the Secretary of the Treasury may by regulation or specific instruction require, or authorize customs officers to require, such bonds or other security as he, or they, may deem necessary for the protection of the revenue or to assure compliance with any provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs Service may be authorized to enforce.

5

The Court also noted the necessity of bonds as security because "[a]s a matter of policy, goods are expedited into the customs territory of this country . . . without having duties paid or other liabilities imposed by law . . ." and bonds ensure that an importer's obligations will be satisfied "when subsequently determined to be due." *Id.* at 2-3.  The Court further acknowledged that CBP's policy for setting the amount of a bond was "developed, with the input of the import and insurance communities" and requires for each importation either a "single transaction bond[] or continuous bond[] that cover[s], at a minimum, 10% of the duties, taxes and fees that could be owed on an importation." *Id.* at 3.

CBP's demand to Tabacos for an increased bond resulted from a formulaic application of the minimum bonding formula; there was no increase beyond that which was required under the formula.  Given the circumstances that gave rise to the challenged demand, the question for the Court to answer when deciding the merits of this case should be whether the use of a formula to determine the minimum amount of an importer's continuous bond is a permissible construction of 19 U.S.C. § 1623.  While the Decision does not specify an answer to that question, it hints at an affirmative answer, which undermines the finding in plaintiff's favor.

Specifically, the Decision provides:

> This court cannot and therefore does not disregard the compelling evidence adduced in this action that proves beyond any doubt that continuing plaintiff's entry bond 18C000D1D in its current amount of $300,000 will not endanger the revenue of the United States.  Of course, if and when plaintiff's business were to materially change, CBP would be able to require greater surety, but demanding that herein on September 29, 2018 leaves this court unable to conclude that such demand was not an abuse of discretion within the purview of 5 U.S.C. 706(2)(A).

6

This statement implies that the Court does not view the manner in which CBP determines the amount of bonds generally to be improper, just that CBP might have overreached by not considering whether the revenue of the United States would be harmed in this single instance.

That is not a proper review. Instead of determining whether CBP's mechanical application of its minimum bonding formula was a permissible exercise of its authority under 19 U.S.C. § 1623, the Court conducted its own analysis -- a fact-specific inquiry -- as to whether a bond in a particular amount will "endanger the revenue of the United States." Decision at 12. That is, the Court "imposed its own construction on" 19 U.S.C. § 1623 -- the exact action that the Supreme Court in *Chevron* warned against.

Finally, although the Court did "not necessarily concur" with our statement that plaintiff's arguments in favor of divergence below the minimum bonding calculation "would implicate the entirety of the framework," Decision at 12, n.4, the conclusion that the Court reached, *i.e.*, that a bond in an amount less than that calculated using the formula, **is** directly contradictory to that framework. While the Court may be sympathetic to plaintiff because the formula led to a $100,000 bond increase even though the duties, taxes and fees included in the calculation exceeded the $3,000,000 threshold only by "some $17,000," Decision at 6, n.2, the Decision does not hold that application of the formula generally, or application of the rounding-up methodology to that formula particularly, was an impermissible construction of the statute -- *i.e.*, that it was "not in accordance with the law." Nor, for that matter, does the Decision hold that CBP must apply the importer-specific factors identified in the regulation, 19 C.F.R. § 113.13(b), in calculating the minimum amount of a bond or that not doing so is an abuse of the agency's discretion. *See generally* Decision.

Given the absence of any specific finding that application of a bonding formula is improper, or that failure to consider the regulatory factors here was an abuse of discretion, we respectfully submit that the conclusion that plaintiff is entitled to the relief requested constitutes legal error.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion for rehearing or reconsideration, vacate the Decision, deny plaintiff's requested relief, and reinstate CBP's demand to plaintiff for an increased continuous bond.

                                              Respectfully submitted,

                                              JOSEPH H. HUNT
                                              Assistant Attorney General

                               By:    /s/ Amy M. Rubin
                                              AMY M. RUBIN
                                              Assistant Director

| Of Counsel: | /s/ Hardeep K. Josan |
|---|---|
| Paula S. Smith | HARDEEP K. JOSAN |
| Benjamin Wastler | MONICA P. TRIANA |
| Office of Chief Counsel | Trial Attorneys |
| U.S. Customs and Border Protection | Civil Division, Dept. of Justice |
| | Commercial Litigation Branch |
| | International Trade Field Office |
| | 26 Federal Plaza |
| | New York, New York 10278 |
| | Attorneys for Defendant |
| Dated: January 7, 2019 | Tel. No. 212-264-9240 or 9253 |

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE THOMAS J. AQUILINO, JR., SENIOR JUDGE

_____

TABACOS USA, INC.,

                Plaintiff,                Court No. 18-00221

                v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION,

                Defendant.
_____

CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT
STANDARD CHAMBER PROCEDURE 2(B)

      I, Hardeep K. Josan, trial counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the Microsoft Word word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 2,243 words.

                                                    /s/ Hardeep K. Josan