## UNITED STATES COURT OF INTERNATIONAL TRADE

_____

| | |
|---|---|
| TABACOS USA, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES CUSTOMS AND | ) |
| BORDER PROTECTION | ) |
| | ) |
| Defendant | ) |

CASE NO.: 18-00221

_____)

## **<u>ORDER</u>**

Upon reading Defendant's motion for reconsideration, Plaintiff's opposition thereto,

upon other papers and proceedings had herein, and upon due deliberation, it is hereby

ORDERED that Defendant's motion is denied.


_____

Thomas J. Aquilino, Jr., Senior Judge

Dated: New York, New York

This _____ day of _____, 2019

1

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
TABACOS USA, INC.                          )
                                           )
            Plaintiff                      )
                                           )        CASE NO.: 18-00221
                                           )
v.                                         )
                                           )
UNITED STATES CUSTOMS AND                  )
BORDER PROTECTION                          )
                                           )
            Defendant                      )
_____)


**<u>PLAINTIFF'S OPPOSITION</u>**
**<u>TO DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................ 1

ARGUMENTS.......................................................................................................................... 3

I.   STANDARD OF REVIEW FOR RECONSIDERATION................................................... 3

II.   DEFENDANT'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

BECAUSE THE COURT APPLIED THE CORRECT STANDARD OF REVIEW ................ 4

III.   DEFENDANT'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

BECAUSE THE COURT REACHED ITS DECISION BY CONSIDERING PERMISSIBLE

EVIDENCE........................................................................................................................ 10

CONCLUSION........................................................................................................................ 12

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

A.L. Pharma, Inc. v. Shalala, 62 F.3d 1484, 1492 (D.C. Cir. 1995)................................................ 6

Allied–Signal, Inc. v. NRC, 988 F.2d 146, 151 (D.C. Cir. 1993) .................................................. 6

Am. Bus Ass'n v. United States, 627 F.2d 525 (D.C. Cir. 1980)..................................................... 3

Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1381 (Fed. Cir. 2009) ...................... 11

Camp v. Pitts, 411 U.S. 138, 142 (1973) ..................................................................................... 11

Carolina Tobacco Co. v. Bureau of Customs & Border Prot., 402 F.3d 1345 (Fed. Cir. 2005)..... 3

Checkosky v. SEC, 23 F.3d 452, 462–66 (D.C. Cir. 1994)............................................................ 6

Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 155 (2012)........................................... 8

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) ................................................................... 11

Humane Soc'y of U.S. v. Clinton, 236 F.3d 1320, 1324 (Fed. Cir. 2001)...................................... 5

Int'l Union, United Mine Workers of Am. v. Fed. Mine Safety and Health Admin., 920 F.2d 960,

    967 (D.C. Cir. 1990) .............................................................................................................. 6

J.S. Stone, Inc. v. United States, 27 C.I.T. 1688, 1696 (2003) ..................................................... 6

Kreis v. Sec'y of Air Force, 406 F.3d 684, 686 (D.C. Cir. 2005) ................................................. 5

Mittal Canada, Inc. v. United States, 30 C.I.T. 1565, 1569–70 (2006) ......................................... 8

Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43

    (1983) ................................................................................................................................ 5, 11

New Eng. Tank Indus. v. United States, 861 F.2d 685 (Fed. Cir. 1988) ....................................... 3

United States v. UPS Customhouse Brokerage, Inc., 34 C.I.T. 745, 748 (2010) ...................... 3, 4

United States v. UPS Customhouse Brokerage, Inc., 575 F.3d 1376 (Fed. Cir. 2009) ............. 3, 9

Wybaillie v. Dep't of Health & Human Servs., 824 F.2d 978 (Fed. Cir. 1987) ............................ 5

**Statutes**

19 U.S.C. § 1623(a) ............................................................................................................. 9

**Regulations**

19 C.F.R § 113.13 .............................................................................................................. 8

75 Fed. Reg. 266 (January 5, 2010) ................................................................................... 3

Customs Directive No. 3510-004 (July 23, 1991) ............................................................. 8

This Court, on December 7, 2018, entered a judgment in Plaintiff's favor. The Court's analysis was a four-and-a-half-page recitation of Plaintiff's arguments and Defendant's arguments, followed by a half-page conclusion. Although the Court's analysis is very simple, it nevertheless applies the correct legal standard, considers the relevant evidence, and reaches the correct result. For the reasons stated below, the Court should deny Defendant's motion for reconsideration.

## BACKGROUND

Plaintiff is an importer and wholesale distributor of "value-priced" cigarettes. TRO Mot. at 3 (Doc. 5). Prior to September 28, 2018, Plaintiff filed with Defendant, the United States Customs and Border Protection ("CBP"), an Activity Code 1, Importer or Broker, continuous bond in the sum of $300,000.00 with bond number 18C000D1D ("the Bond"). Compl. at ¶ 5 (Doc. 4). The Bond covered the period of 4/23/18 through 4/22/19. Id.  On September 28, 2018, CBP sent Plaintiff a letter stating that CBP had determined, pursuant to 19 C.F.R. § 113, that the Bond was insufficient to protect the revenue and insure compliance with CBP laws and regulations. Id. at ¶ 6. The letter stated that Plaintiff must, within thirty calendar days, schedule termination of the Bond no later than November 12, 2018 or it would be rendered insufficient. Id. at ¶ 7. The letter further stated that based on the previous twelve months of data, captured between 09/25/17 to 09/24/2018, a new continuous bond with a limit of liability not less than $400,000.00 would be required. Id. at ¶ 8.

Plaintiff objected to the increase in the amount of the bond and presented proof that the bond was both presently sufficient and would remain sufficient for the future. Id. at ¶ 13. Plaintiff also argued that CBP must apply the factors listed in 19 C.F.R. § 113.13(b) in determining whether the Bond was sufficient. Id. at 20-21.  Plaintiff's objections were to no

1

avail. On October 17, 2018, CBP insisted that it had no discretion to consider the 19 C.F.R. § 113.13(b) factors. Id. at ¶ 22. On October 26, 2018, CBP stated that it would not rescind its demand that Tabacos increase its bond from $300,000.00 to $400,000.00. Id.  CBP did not provide an answer as to why the Bond was presently insufficient nor consider the 19 C.F.R. § 113.13(b) factors.

On October 26, 2018, Plaintiff commenced this lawsuit under the Court's residual jurisdiction, 28 U.S.C. §1581(i). Id. at ¶ 3. It also simultaneously applied for a temporary restraining order and a preliminary injunction. (Doc. 5). Plaintiff challenged CBP's failure to consider 19 C.F.R. § 113.13(b) factors and failure to consider the argument that the Bond was sufficient for the then-current review period and for upcoming review periods were arbitrary, capricious, an abuse of discretion, or not in accordance with the law. Compl. at ¶ 25.

On October 29, 2018, the Court conducted a telephonic conference with the parties, entered a temporary restraining order, and scheduled a preliminary injunction hearing for November 7, 2018. (Doc. 11-12). On November 6, 2018, CBP filed a response to Plaintiff's application for preliminary injunction. (Doc. 13).

On November 7, 2018, the Court held the preliminary injunction hearing. At its start the Court advised the parties that it had decided to consolidate the hearing with a trial on the merits pursuant to Rule 65(a)(2) of the Rules of the United States Court of International Trade (USCIT). Tr. at 16:23-17:3. Neither party objected to the Rule 65(a)(2) hearing. The Court then heard testimonies from Plaintiff's witness, Ms. Paula Lynch, Plaintiff's Chief Financial Officer, and Defendant's witness, Mr. Bruce Ingalls, the Director of the Revenue Division for CBP.

After the hearing, both parties filed supplemental submissions. Plaintiff argued that a permanent injunction should be entered because it had prevailed on the merits, showing that

CBP's demand for a bond increase without considering the mandatory factors and without considering the fact that the bond was currently sufficient and CBP's interpretation of the Bond Directive that tied the bond formula to warehouse entries were arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Pl.'s Supplemental Br. (Doc. 17). In particular, Plaintiff argued that when a regulation used "will" rather than "should," the factors were mandatory rather than discretionary. See Plaintiff's Supplemental Submission at 12-15 (citing Carolina Tobacco Co. v. Bureau of Customs & Border Prot., 402 F.3d 1345 (Fed. Cir. 2005); United States v. UPS Customhouse Brokerage, Inc., 575 F.3d 1376 (Fed. Cir. 2009); New Eng. Tank Indus. v. United States, 861 F.2d 685 (Fed. Cir. 1988); Am. Bus Ass'n v. United States, 627 F.2d 525 (D.C. Cir. 1980) and 75 Fed. Reg. 266 (January 5, 2010)). When the regulation mandates CBP to consider certain factors, yet CBP blatantly refuses to follow its own regulation, such refusal is arbitrary, capricious, an abuse of discretion, or not in accordance with the law.

On December 7, 2018, the Court entered judgment in favor of Plaintiff and vacated CBP's demand of September 2018. (Doc. 20-21). On January 7, 2019, CBP filed a motion for reconsideration, urging the Court to reconsider its judgment. (Doc. 22).  Although CBP stated that the Court should only consider the administrative record and stated that the record had not been filed, it nevertheless requested the Court to enter a judgment in favor of it without the filing of the administrative record.

## ARGUMENTS

### I.  STANDARD OF REVIEW FOR RECONSIDERATION

Granting a motion for reconsideration pursuant to USCIT Rule 59 rests within the sound discretion of the court. United States v. UPS Customhouse Brokerage, Inc., 34 C.I.T. 745, 748 (2010). "The major grounds justifying a grant of a motion to reconsider a judgment are an

intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." Id. A motion for reconsideration is thus a mechanism to correct a significant flaw in the original judgment, but is not a mechanism to "allow a losing party the chance to repeat arguments or to relitigate issues previously before the court." Id.

II.   **DEFENDANT'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE THE COURT APPLIED THE CORRECT STANDARD OF REVIEW**

CBP's argument that by applying the APA standard of review the Court will find for CBP merely repeats the argument presented in its previous briefs. The Court should not consider CBP's own application of the APA standard of review.

The only point for discussion is whether the court has applied the APA review standard. Here, the Court did. The Court stated that "…demanding [greater surety] that herein on September 28, 2018 leaves this court unable to conclude that such demand was not an abuse of discretion within the purview of 5 U.S.C. §706(2)(A)." Op. at 12 (emphasis added). CBP relies on the Court's double negatives and contends that this conclusion conflicts with the standard that "appears to require an affirmative finding of agency abuse." Mtn. for Recons. at 5.

There is no conflict. Logically, an agency determination can only be on one side of a coin – either it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or it is not. If the Court cannot conclude that CBP's action is not an abuse of discretion, it is an abuse of discretion. If the Court cannot conclude that CBP's action is an abuse of discretion, it is not an abuse of discretion. There is no middle ground.  For example, in Wybaillie v. Dep't of Health & Human Servs., the court was "unable to conclude that the presiding official's determination … was erroneous or that his procedural rulings were arbitrary or an abuse of

4

discretion." <u>Wybaillie v. Dep't of Health & Human Servs.</u>, 824 F.2d 978 (Fed. Cir. 1987). Therefore, it stated that "[t]he decision was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence." <u>Id.</u>

For actions instituted pursuant to 28 U.S.C. § 1581(i), the district court shall apply the standard of review set forth in 5 U.S.C. § 706. <u>Humane Soc'y of U.S. v. Clinton</u>, 236 F.3d 1320, 1324 (Fed. Cir. 2001). Under the APA review standard, to uphold the agency's determination the reviewing court must be able to conclude that the agency's determination is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. <u>See</u> <u>Kreis v. Sec'y of Air Force</u>, 406 F.3d 684, 686 (D.C. Cir. 2005) ("The court, therefore, <u>must be able to conclude</u> that the Board "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'") (emphasis added); <u>see also</u> <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29 (1983) (remanded because the agency's explanation for the rescission of the passive restraint requirement <u>was not sufficient to enable the court to conclude</u> that the rescission was a product of reasoned decision-making) (emphasis added).

Therefore, the inability to conclude that an agency determination is NOT arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law is the necessary condition of reversing or vacating the agency determination. But such inability is not a sufficient condition to reverse or vacate the agency determination. When a court is unable to conclude that the agency determination is NOT arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, the court is not required to vacate the agency determination if the agency can, upon remand, provide elaboration of its reasoning. <u>See</u> <u>A.L. Pharma, Inc. v. Shalala,</u>

62 F.3d 1484, 1492 (D.C. Cir. 1995) (because the court was unable to conclude that the FDA's approval of Philips Roxane's application was not arbitrary and capricious, the court permitted FDA to provide adequate justification for its conclusion within 90 days); see also Checkosky v. SEC, 23 F.3d 452, 462–66 (D.C. Cir. 1994) (Silberman, J.) (failure to provide satisfactory explanation does not necessarily mean that agency has acted illegally; therefore, the court has discretion not to vacate agency action pending agency's elaboration of its reasoning); Allied–Signal, Inc. v. NRC, 988 F.2d 146, 151 (D.C. Cir. 1993) (remanding rule to agency without vacating "to develop a reasoned" explanation for its action). The court should consider "the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be changed" in deciding whether to vacate. A.L. Pharma, Inc., 62 F.3d at 1492 (citing Int'l Union, United Mine Workers of Am. v. Fed. Mine Safety and Health Admin., 920 F.2d 960, 967 (D.C. Cir. 1990)).

In this case, because this Court was unable to conclude that CBP's demand (i.e., CBP's determination) was not an abuse of discretion, it is justified in vacating the agency determination. Further, it has the discretion not to remand the case to allow CBP to provide justification for its conclusion. In fact, remanding the case to CBP would be futile because CBP has consistently refused to apply the mandated 19 C.F.R. § 113.13(b) factors.

Under the arbitrary and capricious standard, a reviewing court "must consider whether the decision was based on a consideration of relevant factors and whether there has been a clear error of judgment." J.S. Stone, Inc. v. United States, 27 C.I.T. 1688, 1696 (2003), aff'd, 111 F. App'x 611 (Fed. Cir. 2004). CBP's version of the APA review standard that requires the Court not to consider the relevant factors is just the opposite of the APA standard. Such deviant view must be rejected.

CBP also contends that the Court's conclusion "appears" to conflict with the Court's own findings and the evidence presented. Mtn for Recons. at 5. The conflicts CBP envisions are (1) the Court acknowledged that Congress delegated to CBP the authority to impose bonds on importers that were "necessary for the protection of the revenue [of the United States] or to assure compliance with any provision of law"; id. (2) the Court noted the necessity of bonds as security, id. at 6; (3) the Court acknowledged that CBP's policy for setting the amount of a bond is to require single transaction bonds or continuous bonds that cover, at a minimum 10% of the duties, taxes, and fees that could be owed on an importation, id.; and (4) the Court's decision, while it does not specify an answer to the question of "whether the use of a formula to determine the minimum amount of an importer's continuous bond is a permissible construction of 19 U.S.C. § 1623," the Court "hints at an affirmative answer which undermines the finding in plaintiff's favor," id.

Again, there is no conflict. The Court can acknowledge the delegation of authority from Congress to CBP, the necessity of bonds as security, and CBP's policy of using its bond formula. None of those precludes the court from finding that CBP's mechanical application of the bond formula without considering the 19 C.F.R. 113.13(b) factors is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.

CBP misconstrues the issue in this case. The thrust of the litigation is whether CBP's determination that Plaintiff's bond is not sufficient using the mechanical application of the bond formula without considering the 19 C.F.R. § 113.13(b) factors or the argument that the Bond was presently sufficient is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. If the 10% minimum is a non-discretionary minimum (as interpreted by CBP), the Court could not have hinted affirmatively to CBP's question of "whether the use of a formula to

determine the minimum amount of an importer's continuous bond is a permissible construction of 19 U.S.C. § 1623" because it would be an impermissible construction of the statute. If it is a non-discretionary minimum, the regulation or the bond directives should have said so.  The very same bond directive provides a $50,000 non-discretionary minimum bond amount. Customs Directive No. 3510-004 (July 23, 1991). Why does 19 C.F.R. § 113.13 provide a $100.00 minimum and require that CBP "will" consider certain factors in determining whether a bond is sufficient? See 19 C.F.R § 113.13.  CBP's interpretation will render the regulations internally inconsistent. "Where an agency's interpretation of a statute is internally inconsistent, its claim to reasonableness is obviously compromised." Mittal Canada, Inc. v. United States, 30 C.I.T. 1565, 1569–70 (2006) (citation omitted); see also Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 155 (2012) (no deference if the agency's interpretation is plainly erroneous or inconsistent with the regulation).

Even if the Court had hinted so, it does not compromise the Court's decision finding that CBP's demand was an abuse of discretion. The Court can acknowledge that "the use of a formula to determine the minimum amount of an importer's continuous bond" and the use of  19 C.F.R. § 113.13 factors to adjust the bond amount upward or downward, in conjunction, is a permissible construction of 19 U.S.C. § 1623.

CBP contends that reversal is warranted because the Court did not specifically find that the application of the bonding formula was improper or that the failure to consider the regulatory factors was an abuse of discretion. Mtn for Recons. at 8. These two points are related. If the Court finds that the failure to consider the regulatory factors constitutes an abuse of discretion, the application of the bonding formula without the consideration of the factors must be improper. Although the Court did not explicitly state that the failure to consider the factors constitutes an

abuse of discretion, the Court of Appeals for the Federal Circuit's precedent set forth in <u>United States v. UPS Customhouse Brokerage, Inc.</u>, 575 F.3d 1376 (Fed. Cir. 2009) mandates that conclusion. The Court also implied abuse of discretion by finding that continuing Plaintiff's current $300,000.00 will not endanger the revenue of the United States.

CBP contends that the Court's statement that continuing Plaintiff's current $300,000.00 bond will not endanger the revenue of the United States is an imposition of its own construction of 19 U.S.C. § 1623. Mtn for Recons. at 7. But the protection of the revenue is a factor the agency is required to consider in setting bond requirements. <u>See</u> 19 U.S.C. § 1623(a) ("… the Secretary of the Treasury may by regulation or specific instruction require, or authorize customs officers to require, such bonds or other security as he, or they, may deem necessary for the protection of the revenue or to assure compliance with any provision of law, regulation, or instruction . . . "). To assess whether CBP's mechanical application of the bond formula is a permissible interpretation of 19 U.S.C. § 1623, the Court must determine whether CBP's mechanical application of the formula is necessary for the protection of the revenue of the United States; if not, CBP's construction will not be a permissible construction of the statute.

CBP believes that the Court's decision allowing a bond in an amount less than that calculated using the formula is directly contradictory to its framework. Mtn for Recons. at 7. The Court stated it did "not necessarily concur" with CBP's statement that Plaintiff's arguments in favor of divergence below the minimum bonding calculation "would implicate the entirety of the framework." Op. at 12, n.4. The Court's different view about the implication of the "divergence" does not evidence any legal error. Reconsideration is not warranted on this ground.

In sum, the Court has correctly applied the APA review standard but reach a completely different result as CBP applies it. CBP cannot argue that the Court did not apply the correct legal standard simply because the Court reached a different conclusion.

### III. DEFENDANT'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE THE COURT REACHED ITS DECISION BY CONSIDERING PERMISSIBLE EVIDENCE

CBP contends that the Court's decision commits an error by considering facts adduced at a preliminary hearing which were not on the record developed before the administrative agency. Mtn for Recons. at 5. CBP does not specify which extra-record facts the Court relied on in making its decision. In fact, the Court simply stated that "[t]his court cannot and therefore does not disregard the compelling evidence adduced in this action that proves beyond any doubt that continuing plaintiff's entry bond 18C000D1D in its current amount of $300,000 will not endanger the revenue of the United States." Op. at 12. The evidence adduced in this action that the Court relied on could very well be the same evidence presented to CBP at the administrative level.

Even without the evidence presented to the Court but not to CBP before the filing of the lawsuit, the Court can still reach the same decision. At the administrative level, Plaintiff presented CBP the calculation of its duties/taxes/fees that could be paid to CBP for 2015-2019, showing that the Bond was sufficient and would remain sufficient, Pl.'s Hr'g Ex. at 8 (Doc. 14), which was based on the plain language of the Bond Directive that the 10% relates to duties, taxes and fees paid during the preceding 12 months. Plaintiff presented the 2017 – 2018 warehouse entries [attached to Plaintiff's October 23, 2018 letter], Paula Lynch Affidavit [attached to Plaintiff's October 23, 2018 letter], FET lability calculation based on CBP's incorrect interpretation of the Bond Directive that ties 10% to the entry summary of warehouse entries

instead of withdrawal/consumption entries,  Pl.'s Hr'g Ex. at 10, and Plaintiff's letters from

counsel (Doc. 4-3). Any additional evidence such as the "proprietary information" (Op. at 6) of

the Plaintiff adduced at the Rule 65(a) hearing is only cumulative to the evidence presented to

CBP at the administrative level without such the Court can still find for the Plaintiff.

    Alternatively, any extra-record evidence can be accepted because the omission of it will

preclude effective judicial review. A court may consider "extra-record" evidence:

> (1) when agency action is not adequately explained in the record before the court;
> (2) when the agency failed to consider factors which are relevant to its final
> decision; (3) when an agency considered evidence which it failed to include in the
> record; (4) when a case is so complex that a court needs more evidence to enable
> it to understand the issues clearly; (5) in cases where evidence arising after the
> agency action shows whether the decision was correct or not; (6) in cases where
> agencies are sued for failure to take action ... and (8) in cases where relief is at
> issue, especially at the preliminary injunction stage.

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). While it is true that "the focal point for

judicial review should be the administrative record already in existence, not some new record

made initially in the reviewing court," Camp v. Pitts, 411 U.S. 138, 142 (1973), the record may

be supplemented if to do otherwise would "frustrate effective judicial review," id. at 142–43;

Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (the existing

record should be supplemented only where it "is insufficient to permit meaningful review

consistent with the APA.").

    Here, alternatively, without the proprietary information provided in the hearing, it would

be impossible to determine whether CBP's decision was arbitrary and capricious for having

"entirely failed to consider an important aspect of the problem" before it: whether after

considering the 19 C.F.R. § 113.13 factors, the Bond would be sufficient. Motor Vehicle Mfrs.

Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) ("an agency rule

would be arbitrary and capricious if the agency … entirely failed to consider an important aspect of the problem …").

Lastly, CBP's argument that the Court should reconsider the case based on the agency record is inconsistent with its request that the Court enter a judgment for itself without filing the agency record.

## CONCLUSION

The Court has applied the correct legal standard and considered the relevant evidence. What CBP urges the Court to do is to apply the wrong legal standard and not to consider relevant evidence. That request must be rejected and the judgment for the Plaintiff must stand.

Respectfully submitted,

/s/ Shanshan Liang
Shanshan Liang
/s/ Neil B. Mooney
Neil B. Mooney
Pennington P.A.
215 S. Monroe Street, Suite 200
Tallahassee, FL 32301
Tallahassee, FL 32301
Office - (850) 222-3533
Fax - (850) 222-2126

*Attorneys for Plaintiff Tabacos USA, Inc.*

**Certificate of Compliance**

Pursuant to Chambers Procedure 2(B)(2), the undersigned certifies that the foregoing Supplemental Brief complies with the 14,000-word limitation set forth in Chambers Procedure 2(B)(1). Specifically, as measured by the word-processing system used to prepare it, this document contains 3,698 words (inclusive of all headings, footnotes, and quotations).

Respectfully submitted,

/s/ Shanshan Liang
Shanshan Liang

**Certificate of Service**

I hereby certify that I have electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system on this 11th day of February 2019, which will cause a notice of electronic filing to be sent to all counsel of record.

/s/ Shanshan Liang
Shanshan Liang

13